UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERICK MARQUIS BROWN, )<br>)<br>          Petitioner, )<br>)<br>vs. )<br>)<br>BRIAN WILLIAMS, *et al.*, )<br>)<br>          Respondents. )<br>_____/ | 2:13-cv-01698-GMN-PAL<br><br>**ORDER** |

      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On September 20, 2013, the Court entered an order requiring petitioner to pay the $5.00 filing fee for this action within thirty days. (ECF No. 2). The thirty-day period has now expired, and petitioner has not paid the filing fee or otherwise responded to the Court's order.

      District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Pagtalunan v. Galaza,* 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order)*; Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

      In determining whether to dismiss an action for lack of prosecution, failure to obey a court

1  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
2  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
3  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
4  (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at
5  831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
6  *Ghazali*, 46 F.3d at 53.

7        The Court finds that the first two factors, the public's interest in expeditiously resolving this
8  litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third
9  factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of
10 injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or
11 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
12 factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the
13 factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to
14 obey the court's order will result in dismissal satisfies the "consideration of alternatives"
15 requirement. *Pagtalunan*, 291 F.3d at 643; *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at
16 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring petitioner to pay the filing fee
17 within thirty days expressly stated: "Failure to do so may result in the dismissal of this action."
18 (ECF No. 2, at p. 1). Thus, petitioner had adequate warning that dismissal would result from
19 noncompliance with the Court's order.

20       **IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE**
21 based on petitioner's failure to pay the filing fee in compliance with this Court's order of September
22 20, 2013.

23       **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

24       **DATED** this 1st day of November, 2013.

                                                                 Gloria M. Navarro
                                                                 United States District Judge